## B. G. PIPPIN v. THE STATE.

1. It is the duty of every ministerial officer, in the service of every process of court and of every writ known to the law, to keep himself strictly within the limits of the authority with which the law invests him.
2. An officer cannot be indicted under the act of May, 1864 (Paschal's Digest, Article 2400), for levying an attachment or execution on property the

value of which is not unreasonably in excess of the demand to be satisfied; but he is subject to indictment under that act for levying upon property exempt from forced sale, if his conduct be such as to amount to an offense under that enactment.

3. On the trial of an indictment against a coroner for acting oppressively in levying an execution, the court below charged the jury that certain facts were shown by the evidence. *Held*, to be error. The Code (Paschal's Digest, Article 3059) prohibits the summing up of testimony in the charge of the court in criminal cases; but the accused must reserve an exception to the charge, or he waives the error. (Paschal's Digest, Article 3067.)

APPEAL from Henderson. Tried below before the Hon. J. G. Scott.

There is no occasion for a statement of the facts.

*Walton & Green*, for appellant.

*Wm. Alexander, Attorney-General*, for the State.

WALKER, J. Whatever may have been the object and purpose of the Legislature in enacting the law, Article 2400, Paschal's Digest, we need not inquire; the same reason which led to its enactment may not now exist, but certainly there is good reason why every State should protect its citizens by such a law, from all injustice and oppression on the part of those who, acting under the semblance of legal authority, abuse such authority. And yet the laws should not be so framed as to embarrass judicial officers in the faithful discharge of their duties.

But there can be no doubt that it is the duty of every ministerial officer in the service of every process of the court, and every writ known to the law, to keep himself strictly within the limits of the authority with which the law invests him.

It certainly cannot be regarded as an indictable offense, under Article 2400, that an officer should levy his writ of attachment or execution upon an amount of property in value not unreasonably in excess of the demand to be satisfied. But if an officer levies his execution or attachment upon property exempt

Opinion of the Court.

by law from forced sale, and his conduct throughout be such as to amount to an offense, such as is described in the Article referred to, he certainly may be indicted, convicted, and punished.

The charge of the court is in violation of Article 3059, Paschal's Digest, but no exception was taken to it by defendant's counsel on the trial, and under Article 3067, the appellant lost his right to have the judgment reversed, for this reason. It is by no means probable that the charge did mislead the jury. The facts which the court assumes in the charge were proven on the trial; but neither the summing up of the evidence in the charge, nor the expression of an opinion as to its weight, are admissible under our law.

But if it is sought to reverse the judgment for reasons of this kind, the exception must be taken at the time of the trial, that the judge, himself, who tries the cause may have the opportunity of correcting his own error, and saving the necessity of an appeal to this court.

The judgment of the District Court is affirmed.

Affirmed.